UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

ROBERT JOE STRANGE,            )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. CIV-23-172-J
                               )
STATE OF OKLAHOMA, et al.,     )
                               )
        Defendants.            )

**ORDER**

Plaintiff, a state prisoner appearing pro se, filed a Complaint under 42 U.S.C. § 1983 (Compl.) [Doc. No. 1] and the matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). On May 26, 2023, Judge Erwin issued a Report and Recommendation recommending the Complaint be dismissed without prejudice (Rep. & Rec.) [Doc. No. 13] and Plaintiff objected (Pl.'s Obj.) [Doc. No. 14]. As discussed below, the Report and Recommendation is ADOPTED IN PART and DECLINED IN PART.

**I.   Background**

Plaintiff alleges that James Crabtree Correctional Center officials confiscated his purchased property in violation of the Eighth and Fourteenth Amendments. On screening, Judge Erwin concluded that a deprivation of property does not, standing alone, constitute an Eighth Amendment violation and because Plaintiff has post-deprivation remedies, he cannot state a valid claim under the Fourteenth Amendment.

**II.  Standard of Review**

A proper objection to a report and recommendation triggers the Court's de novo review. *See* Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific so that it

"enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). Thus, the Court applies de novo review to those findings on which Plaintiff specifically objected. However, where he did not, the Court reviews only "to confirm that there is 'no clear error on the face of the record.'" *Sabbath v. Hicks*, No. 20-CV-00893-PAB-KMT, 2021 WL 1015986, at *2 (D. Colo. Mar. 17, 2021) (citing Fed. R. Civ. P. 72(b)(3) and applying a de novo and non-de novo review to an objection which only specifically addressed portions of the underlying report and recommendation).

## III.   Analysis

### A.   Eighth Amendment Claim

Plaintiff first challenges Judge Erwin's assertion that he did not allege a deprivation of essential human needs, arguing that his confiscated property contained his "warm winter clothing" and the prison experienced a "restrictive and even harsh winter." Pl.'s Obj. at 2.[1] The Court applies de novo review to this objection.

The Court agrees that Plaintiff's exhibit listed several thermal items that had been confiscated and that he requested damages "due to cold." Compl. at 8 & Ex. 1 at 4-5. However, even giving the Complaint liberal interpretation, the Court cannot say that Judge Erwin erred in failing to recognize – based on these few references alone – that Plaintiff was alleging cruel and unusual punishment based on cold exposure. *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173-

---

[1] Plaintiff also claims that a deprivation of property alone *can* violate the Eighth Amendment, citing *Hickey v. Oklahoma County Detention Center*, 2022 WL 1221645 (W.D. Okla. Feb. 23, 2022). *See* Pl.'s Obj. at 2. Plaintiff misreads that case. *See Hickey*, 2022 WL 1221645, at *3 ("Deprivation of Plaintiff's personal items, described as letters, photographs, contact lenses, hygiene items, certain foods, legal documents, one pair of shoes, a radio with batteries, books, magazines, playing cards, and music that he was writing and intended to sell, does not rise to [an Eighth Amendment] standard.").

74 (10th Cir. 1997) (holding that while a pro se party's filing will be construed liberally, the "court, . . . will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf"). Additionally, any such claim would still warrant dismissal. Plaintiff has not alleged that he requested and was denied state-issued warm clothing, his references to cold-exposure are conclusory at best, and his attached prison administrative documents make no reference to cold. *See* Compl., *passim*. Under such circumstances, the Court finds Plaintiff has not stated a valid claim under the Eighth Amendment. *See Khan v. Barela*, 808 F. App'x 602, 612-13 (10th Cir. 2020) (finding plaintiff's claim that he was denied warm winter clothing in prison, without further explanation, was too conclusory to state a valid Eighth Amendment claim).

### B. Fourteenth Amendment Claim

Judge Erwin concluded that Plaintiff's due process claim arose from an unauthorized and intentional deprivation of property, and as a result, Plaintiff could not state a Fourteenth Amendment claim because he has meaningful post-deprivation remedies available. *See* Rep. & Rec. at 5-8. Plaintiff does not disagree, noting that the disposal of his property was "random or unauthorized" and indicating he has filed a tort claim based on the loss of property. Pl.'s Obj. at 4. Finding no substantive objection on which to focus, the Court reviews only for clear error. *See supra* at 2. Finding none, the Court agrees with Judge Erwin's conclusion.

### IV. Conclusion

Based on the foregoing, the Report and Recommendation [Doc. No. 13] is ADOPTED to the extent that it finds that Plaintiff has failed to state a valid claim for relief under either the Eighth or Fourteenth Amendments. However, it would be an abuse of discretion for the Court to dismiss Plaintiff's Complaint without either granting leave to amend or addressing whether the defects in

it could be cured by amendment. *See Johnson v. Whitney*, 723 F. App'x 587, 594 (10th Cir. 2018); *see also Gee v. Pacheco*, 627 F.3d 1178, 1182, 1195 (10th Cir. 2010) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." (cleaned up)).  Here, at least Plaintiff's Eighth Amendment claim could potentially be cured. Accordingly, the Court DECLINES TO ADOPT the recommendation to dismiss the Complaint and instead grants Plaintiff leave to amend within twenty-one days, or no later than July 11, 2023.[2] If no amendment is forthcoming, the case will be dismissed without prejudice.

  IT IS SO ORDERED this 20th day of June, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[2] In his objection, Plaintiff describes another alleged property confiscation occurring on June 1, 2023. *See* Pl.'s Obj. at 3. If Plaintiff believes this confiscation violated his constitutional rights, he may include the allegations in an amended complaint.