UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT JOE STRANGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-172-J |
| ) | |
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, a state prisoner appearing pro se, filed a Complaint under 42 U.S.C. § 1983 and the matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending the Complaint be dismissed without prejudice and the Court adopted it in part and denied it in part. [Doc. No. 17]. Plaintiff then filed an Amended Complaint [Doc. No. 22]. On August 15, 2023, Judge Erwin issued another Report and Recommendation, recommending that the Amended Complaint be dismissed without prejudice. [Doc. No. 28]. Plaintiff's objection deadline was September 1, 2023. *See id.*

Plaintiff thereafter filed (1) a writ of mandamus, dated August 16, 2023, asking the Court to rule on his allegations [Doc. No. 29]; (2) a document entitled "Recommendations", dated August 21, 2023, wherein he repeats his allegations against Defendant Bridges but does not address Judge Erwin's findings [Doc. No. 30]; and (3) a second motion to proceed in forma pauperis, mailed on September 6, 2023 [Doc. No. 31].

Only a proper objection triggers the Court's de novo review of a Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific so that it "enables the district judge to focus attention on those issues – factual and legal

– that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). Here, none of the documents Plaintiff mailed to the Court address or object to any specific finding in Judge Erwin's Report and Recommendation and his last mailing came five days after the deadline for response expired. *See* [Doc. Nos. 29-31]. As such, the Court reviews only "to confirm that there is 'no clear error on the face of the record.'" *Sabbath v. Hicks*, No. 20-CV-00893-PAB-KMT, 2021 WL 1015986, at *2 (D. Colo. Mar. 17, 2021).

Finding none, the Court ADOPTS Judge Erwin's Report and Recommendation [Doc. No. 28] and DISMISSES Plaintiff's Amended Complaint [Doc. No. 22] without prejudice. Plaintiff's motion for a writ of mandamus [Doc. No. 29] and second motion to proceed in forma pauperis [Doc. No. 31] are DENIED as moot. A separate judgment will issue.

Additionally, the Court notes that in addition to this case, Plaintiff has had four other cases dismissed for failure to state a valid claim for relief. *See Strange v. Correct Care Solutions, et al.*, CIV-19-716-D; *Strange v. Zoley, et al.*, CIV-19-909-J; *Strange v. State of Oklahoma, et al.*, CIV-20-1107-J; and *Strange v. Kiowa Tribe of Oklahoma, et al.*, CIV-20-1155-J. In all of these cases, Plaintiff either exhausted or waived his appeal. *See id.*

The Prison Litigation Reform Act's (PLRA) "three strikes rule" was "designed to bring [prisoner] litigation under control." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (citation omitted). "One of these provisions is 28 U.S.C. § 1915(g), which Congress added to revoke, with limited exception, in forma pauperis privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." *Id.* (same). A strike ripens once the appeal has been exhausted or waived. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1310 (10th Cir. 2011).

Based on the foregoing, Plaintiff's in forma pauperis privileges are REVOKED and should he wish to proceed in forma pauperis in the future, Plaintiff must first make a showing that he "is under imminent danger of serious physical injury." *Id.* (citing § 1915(g)).

IT IS SO ORDERED this 11th day of September, 2023.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE